*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-313

NOVEMBER TERM, 2013

| | |
|---|---|
| In re A.L. and A.L., Juveniles | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| | } Family Division |
| | } |
| | } DOCKET NO. 85/86-3-12 Cnjv |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Mother appeals from a judgment of the superior court, family division, terminating her parental rights to the minors A.L. and A.L. She contends the evidence fails to support the findings underlying the court's conclusion that she could not resume parental responsibilities within a reasonable time. We affirm.

The material facts as found by the trial court are largely undisputed, and may be summarized as follows. In November 2011, the Department of Corrections notified the Department for Children and Families that mother was incarcerated and pregnant. Mother had a history of assaultive behavior, mental illness, and substance abuse. A.L. and A.L., twins, were born in January 2012. In March 2012, mother was incarcerated for stabbing her boyfriend, and the children were taken into custody by DCF at the end of the month. Shortly thereafter, they were placed in a foster home, where they have since remained.

The initial case plan goal was reunification, and the plan provided for mother to engage in substance-abuse and mental health treatment, maintain stable housing and employment, and avoid criminal activity. Mother's visits with the children under the supervision of an Easter Seals family coach were markedly unsuccessful; mother was agitated, hostile, threatening to the supervisor, and upsetting to the children. In this and other areas, the court found—and mother does not dispute—that "[t]hroughout 2012, [m]other made no progress in parenting her children, drug treatment, anger management or mental health treatment." In February 2013, the case plan goal was changed to termination, and petitions to terminate the residual parental rights of both parents were filed in March 2013. The father, whose paternity was confirmed the following month, voluntarily relinquished his parental rights in a later proceeding. In May 2013, the court held a two-day evidentiary hearing on the petition to terminate mother's parental rights. A written decision and order followed in July 2013.

Based on mother's lack of progress, the court found a substantial change of circumstances. See In re R.W. & N.W., 2011 VT 124, ¶ 14, 191 Vt. 108 (observing that change of circumstances may be established where parent's ability to care for child has shown no improvement over time). In applying the best-interests criteria, the court found, as to the most important factor, that there was no likelihood of mother resuming her parental responsibilities

within a reasonable time. Despite the provision of services to mother for over a year, the court found that "[d]rugs, mental illness and violence continue to define her life," and that she saw no need for change. In addition, the court found that mother's limited interaction with the children had been volatile and upsetting, and that they had adjusted well to their foster home and community and were thriving. Accordingly, the court concluded that termination of mother's parental rights was in the best interests of the children, and granted the State's petition. This appeal followed.

Mother contends the evidence fails to support the court's finding that she had made no progress in addressing her parenting skills and mental health issues, citing evidence of some recent improvements in these areas. Our review of the claim is limited. The trial court's factual findings will not be disturbed on appeal unless they are clearly erroneous. In re A.F., 160 Vt. 175, 178 (1993). "We leave it to the sound discretion of the family court to determine the credibility of the witnesses and to weigh the evidence." Id.

Assessed in light of this standard, mother's claim is unpersuasive. As noted, the trial court found that mother had made no progress "[t]hroughout 2012." The court expressly recognized that an Easter Seals coach who resumed supervision of mother in March 2013 testified that mother was more focused and cooperative, less threatening, and appeared to be learning—aided by medication—to deal with her anger and not express it in front of the children. The court also noted, however, that during this period of March and April 2013, just shortly before the TPR hearing, mother missed several visits with the children, was arrested for assaulting a friend, and tested positive for cocaine. Thus, the record as a whole amply supports the trial court's finding that mother had developed no real insight into her situation, and that her life continued to be plagued by mental illness, substance abuse, and violence. Accordingly, we find no error, and no basis to disturb the judgment.

Affirmed.


BY THE COURT:


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Geoffrey W. Crawford, Associate Justice